UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ENRIQUE IBARRA HERNANDEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 7:24-cv-01559-LCB-HNJ |
| WILLIAM BRETT POUNCEY, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION

The Magistrate Judge entered a report on January 28, 2025, recommending the dismissal of plaintiff Enrique Ibarra Hernandez's ("Hernandez") federal claims without prejudice under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 11). The Magistrate Judge further recommended the dismissal of Hernandez's state-law claims pursuant to 28 U.S.C. § 1367(c)(3). (Doc. 11). Hernandez filed objections to the report and recommendation. (Doc. 12).

In his Objection to the Report and Recommendation, Hernandez first contends the Magistrate Judge erred in recommending the dismissal of this action without first ordering a response from the defendant. (Doc. 12 at 1). Hernandez misunderstands the law. Title 28 U.S.C. § 1915(e)(2) requires the court to dismiss a frivolous or malicious action as well as those actions in which a plaintiff fails to state a claim upon which relief can be granted if the plaintiff proceeds *in forma pauperis*.

Likewise, 28 U.S.C. § 1915A requires the court to dismiss a frivolous or malicious action as well as those actions in which a plaintiff fails to state a claim upon which relief can be granted if a prisoner brings the action against a governmental entity or officer or employee of a governmental entity. These provisions grant the court the discretion to dismiss a prisoner's complaint *sua sponte* (without prompting or suggestion from either party) and prior to serving the defendant(s) with the prisoner's complaint. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Furthermore, "[d]ue process does not always require notice and the opportunity to be heard before dismissal." *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (finding no due process violation where "the district court reviewed the magistrate judge's report and recommendation de novo" and plaintiff "was given an opportunity to object to the magistrate judge's report before the district court entered its final order"). Hernandez's objection on this basis warrants overruling.

Hernandez next enumerates the various actions taken by his defense counsel which Hernandez contends violated his constitutional rights. (*See* Doc. 12 at 2-8). Even if Hernandez stands correct, meritorious allegations of constitutional violations alone do not state a claim for relief pursuant to § 1983 because a plaintiff must demonstrate *both* a deprivation of his constitutional rights *and* that the deprivation occurred under color of state law. As the Magistrate Judge correctly explained in his January 28, 2025, Report and Recommendation:

"To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998) (citing *Willis v. Univ. Health Serv.*, 993 F.2d 837, 840 (11th Cir. 1993)).  Hernandez complains that his attorney, William Brett Pouncey ("Attorney Pouncey"), provided inadequate representation in a forfeiture action.  Because Attorney Pouncy did not act under color of state law for purposes of § 1983, Hernandez's claims against Attorney Pouncy warrant dismissal.

Section 1983 provides a remedy for deprivations of federally protected rights only if said deprivations occur under color of state law.  *See* 42 U.S.C. § 1983.  "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941) (footnote citations omitted)).  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Id.* at 318 (footnote citations omitted).  Furthermore, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Id.* at 325 (footnote citation omitted)).  The same holds true for private attorneys appointed by the court to represent indigent criminal defendants.  *See*, *e.g.*, *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor." (footnote citation omitted)); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (unpublished) (per curiam) (stating that court-appointed criminal defense attorney did not act under color of state law in her representation of plaintiff (citing *Dodson*, 454 U.S. at 325)).

Accordingly, Attorney Pouncey does not constitute a proper defendant for purposes of § 1983, and thus, Hernandez's claims against Attorney Pouncey warrant dismissal for failure to state a claim upon which relief may be granted.  *Dodson*, 454 U.S. at 325 (stating a 42 U.S.C. § 1983 claim against a public defender "must be dismissed" where plaintiff based his claims on attorney's performance of "a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding"); *Pearson*, 189 F. App'x at 866 (finding plaintiff possessed no § 1983 cause of action against a court-appointed criminal defense attorney who plaintiff alleged failed to request a mental evaluation and prevented defendant from withdrawing his guilty plea because said attorney did not act under color of state law as required for § 1983 claim).

(Doc. 11 at 4-5) (footnotes omitted).  Hernandez's objection on this basis warrant overruling.

Finally, Hernandez argues his defense counsel is not immune from monetary relief.  (*See* Doc. 12 at 6-8).  The Magistrate Judge did not conclude that the defendant attorney was immune from monetary damages or recommend dismissal of Hernandez's federal claims because the defendant attorney was immune from monetary damages.  (*See generally* Doc. 11).  Rather the Magistrate Judge simply enumerated the circumstances which require the court to dismiss prisoner complaints brought against government officers or employees:

> The Prison Litigation Reform Act requires this court to screen prisoners' complaints against government officers or employees.  *See* 28 U.S.C. § 1915A.  The court must dismiss these complaints, in whole or in part, if they are frivolous or malicious, seek monetary damages from a defendant immune from monetary relief, or do not state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b).

(Doc. 11 at 2).  Hernandez's objection on this basis warrants overruling.

After careful consideration of the record in this case, the Magistrate Judge's report, and Hernandez's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation.  Consistent with that recommendation and 28 U.S.C. §

1915A(b), Hernandez's federal claims are due to be dismissed without prejudice for failing to state a claim upon which relief can be granted. Additionally, Hernandez's state-law claims are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

A final judgment will be entered.

**DONE** and **ORDERED** this March 25, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE